## EDWARD MALLEY *vs.* MAX THALHEIMER.

*M* gave *B* a power of attorney to lease his real estate, collect rents, and institute all legal proceedings that he should think necessary. Under this power *B* had the care of certain premises leased by *M* to *T*, the lease limiting the use to the keeping of a lager beer saloon, and the lessee covenanting to use the premises for no other purpose. During the term *T* at considerable expense built a small kitchen in the rear, and fitted up a restaurant on the premises. *B* knew of his expending money in the alteration and made no objection until

two months afterwards. *M* afterwards brought a petition for an injunction to stop the use of the premises by *T* for a restaurant. Held—1. That if *M* persoı ally had known of the outlay being made by *T* and had made no objection, he would be held to have assented to the new use of the premises. 2. That *B* under the power of attorney so far represented *M* that his knowledge and acquiescence were the knowledge and acquiescence of *M.*

PETITION for an injunction, to restrain the respondent from making certain use of leased premises in violation of the terms of the lease; brought to the Superior Court in New Haven County. Facts found by a committee and petition dismissed by *Sanford, J.* Motion in error by the petitioner. The case is sufficiently stated in the opinion.

*S. L. Bronson,* for the petitioner.

*J. T. Platt* and *C. R. Whedon,* for the respondent.

PARK, C. J. The plaintiff gave to one Brown a power of attorney, in which, among other things, authority was given " to lease any and all my real estate, to collect rents, to institute and prosecute to final judgment and execution all process in law or in equity that may in his judgment be necessary; * * and generally to do and perform all such acts, matters and things as my said attorney shall deem necessary or expedient for the complete and effectual execution of the authority before granted, as fully as I might and could if I were personally present."

It appears that two adjoining stores belonging to the plaintiff, and of which Brown, as the plaintiff's agent, had under this power of attorney the care, had been leased by the plaintiff to the respondent, to be used as a beer bottling establishment and lager beer saloon, and for no other purpose, and that in the summer of 1875, during the term of the lease, the respondent fitted up a small kitchen in the rear of one of the stores, and opened a restaurant upon the premises, advertising that he would furnish game and oysters to his customers. The work was completed on the 18th of September, and in it he had expended from four to five hundred dollars. The case finds that Brown knew of the alterations and expenditure

while they were being made, and that the place was being fitted up for a restaurant on a small scale; and that he knew also of the advertisement and of the carrying on the business, but it was not till the month of November following that he made any objection. It is clear that if the plaintiff had been present all this time, as Brown was, and had seen and known all that Brown saw and knew, and had made no objection to the respondent's new business till so late a time, he would be regarded as having waived all objection to the business. This is too plain for argument, and the only question is, whether Brown represented the plaintiff, so that in contemplation of law the plaintiff was present, and saw and knew what was transpiring, on the principle *qui facit per alium, facit per se.* The power of attorney must settle this question.

We think it is clear that Brown had ample authority to act for the plaintiff in the matter. He was entrusted with the bringing of all suits in law or equity regarding these premises, which he should deem necessary for the interest of the plaintiff. As applied to this case he was to act, or refrain from acting, as he should deem it expedient, if the respondent should forfeit his lease by doing the acts complained of in this case. We think the remarks of Kerr, in his work on Injunctions, peculiarly applicable to the case. He says (page 496): "A covenantee who, seeing a covenantor spend money upon property in doing acts which are inconsistent with the terms of the covenant, but upon the faith that no obstacles will be afterwards thrown in the way of his enjoyment, stands by and makes no objection while moneys are being expended, or whose acts have been inconsistent with the covenant, or who has acquiesced in the doing of acts which are inconsistent with it, cannot come to a court of equity to have the contract or covenant enforced."

There is no error in the judgment complained of.

In this opinion the other judges concurred.